F I L E D

**AUG 1 5 2014**

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA    )
    )
v.    )    Criminal No. 3:10CR218-HEH
    )
LENZA TERRY, JR.    )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Lenza Terry, Jr. ("Terry"), a federal inmate proceeding *pro se*, submitted this

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255

Motion"). (ECF No. 27.) Terry argues entitlement to relief based on the following:

| | |
|---|---|
| Claim One: | The "[m]ovant is actually innocent of being a felon in possession of a firearm in the furtherance of a drug crime § 922(g)[(1)] & § 924(c), in light of . . . *U.S. v. Simmons*, 649 F.3d 237 (4th. Cir. 2011)," because the "movant only has one felony predicate offense and it never exceeded a year . . . ." (Mem. Supp. § 2255 Mot. 2–3, ECF No. 28 (spacing and capitalization corrected).) |
| Claim Two: | Counsel violated Terry's Sixth Amendment[1] right to effective assistance of counsel by allowing Terry to plead guilty to the 18 U.S.C. § 924(c) count (Count Two) even though the Government lacked sufficient evidence to convict him of that count. (Reply Br. 4–5, ECF No. 34.) |

In its response (ECF No. 30), the Government argues that Claim One lacks merit because

the Government dismissed the 18 U.S.C. § 922(g)(1) count, a felony conviction is not a

required element of 18 U.S.C. § 924(c), and *Simmons* is inapplicable. (*Id.* at 6–7) The

---

[1] In all criminal prosecutions, the accused shall enjoy . . . the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Government argues that Claim Two also lacks merit because Terry offers only conclusory statements in support of his claim. (*Id.* at 6.) Terry has responded. The matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

On August, 3, 2010, a grand jury indicted Terry on three counts: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(1) (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Two); and, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Indictment 1–2, ECF No. 1.) Counsel negotiated a plea agreement with the Government pursuant to which Terry pled guilty to Count One and Count Two. (Plea Agreement 1–2, ECF No. 14.) In exchange for Terry's guilty plea, the Government agreed to dismiss Count Three. (*Id.* at 5–6.)

Terry stipulated "that had the matter gone to trial, the United States would have proven each and every factual allegation beyond a reasonable doubt." (Statement of Facts 1, ECF No. 15.) Terry stipulated to the following facts:

> 1.  On or about April 24, 2010, in the Eastern District of Virginia and within the jurisdiction of this Court, LENZA TERRY, JR., did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841.
> 2.  On or about April 24, 2010, in the Eastern District of Virginia and within the jurisdiction of this Court, LENZA TERRY, JR., did possess firearms, to wit: a Springfield Armory Model XD-9 Sub Compact, caliber 9 x 19mm semi-automatic pistol, serial number US879050; a Colt Pocket Model, caliber 32 Auto, semi-automatic pistol, serial number 510456; and a Russian American Armory Company SAIGA, caliber 7.62 x 39mm, semi-automatic rifle, serial number H06100309, in furtherance of a drug-

2

trafficking crime, in violation of Title 18, United States Code, Section 924(c).

3. On April 24, 2010, narcotics detectives from the Richmond Police Department responded to 631 Elgin Terrace, Richmond, Virginia, to investigate a narcotics complaint. Inside the residence, detectives smelled a strong odor of marijuana and observed what appeared to be marijuana and a marijuana grinder on a table in front of the television.

4. While the detectives were discussing the drug complaint with Ms. Taylor, the defendant, LENZA TERRY, JR., came downstairs. Detective Amanda Acuff requested permission to search the residence for additional drugs; however, the leaseholder could not make a decision. Due to the leaseholder's hesitation, Detective Acuff obtained a search warrant for the residence.

5. Detectives executed the search warrant on 631 Elgin Terrace and recovered a Springfield Armory Model XD-9 Sub Compact, caliber 9 x 19mm caliber semi-automatic pistol, serial US879050; a Colt Pocket Model, caliber 32 Auto, semi-automatic pistol, serial number 510456; a Russian American Armory Company SAIGA, caliber 7.62 x 39mm semi-automatic rifle, serial number H06100309; ammunition; approximately 1.8 ounces of marijuana; a digital scale; and packaging materials. Defendant stated that all three firearms belonged to him and he admitted to purchasing the rifle and 9mm handgun from the gun show and receiving the .32 caliber pistol from his grandfather.

6. A qualified forensic scientist with the Virginia Department of Forensic Science examined each of the firearms and determined that each firearm was in mechanical operating condition and was designed to expel a projectile by action of an explosive. Likewise, a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearms were manufactured outside of the Commonwealth of Virginia, and therefore, traveled in and affected interstate and foreign commerce prior to April 24, 2010.

7. TERRY possessed the marijuana with the intent to distribute it and possessed the firearms in furtherance of his drug trafficking.

(*Id.* at ¶¶ 1–7.)

The Court conducted a Rule 11 colloquy and accepted Terry's guilty plea. (Oct. 8, 2010 Tr. 23, ECF No. 37.) On January 10, 2011, the Court sentenced Terry to a prison term of seventy-two months, consisting of twelve months on Count One and sixty months for Count Two. (J. 2, ECF No. 24.) Terry filed no appeal.

## II.    CLAIM ONE LACKS MERIT

In Claim One, Terry claims that he ". . . is actually innocent of being a felon in possession of a firearm in the furtherance of a drug crime § 922(g)[(1)] & § 924(c), in light of . . . *U.S. v. Simmons*, 649 F.3d 237 (4th. Cir. 2011)," because he "only has one felony predicate offense and it never exceeded a year . . . ." (Mem. Supp. § 2255 Mot. 2–3, ECF No. 28 (spacing and capitalization corrected).)

The portion of Terry's claim pursuant to *Simmons*,[2] challenging the purported lack of predicate felony offense required by § 922(g)(1), has no merit because Terry was not convicted of that count. In exchange for Terry's guilty plea, the Government dismissed Count Three, the § 922(g)(1) count. (*See* Plea Agreement 5–6, ECF No. 14.)

Moreover, to the extent Terry argues that he is actually innocent of the § 924(c) count because he lacked a predicate offense, Terry is again mistaken. Section 924(c) has no requirement of a prior felony conviction.[3] Thus, Claim One lacks merit and will be dismissed.

---

[2] In *Simmons,* the United States Court of Appeals for the Fourth Circuit

overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).

[3] Section 924(c) provides that:

"[A]ny person who, during and in relation to any . . . drug trafficking crime . . . in furtherance of any such crime, possesses a

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's assertion that he

---

firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years . . . ."

18 U.S.C. § 924(c)(1)(A)(i).

would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See Id.* at 369–70.

In Claim Two, Terry argues that counsel rendered ineffective assistance because she allowed Terry to plead guilty to the § 924(c) count even though the Government lacked sufficient evidence to convict him of that offense.[4] (Reply Br. 4–5, ECF No. 34.) Specifically, Terry claims that the Government could not prove that the seized guns were used in furtherance of a drug trafficking activity. (*Id.* at 8–9.) Terry advances no argument to support this claim.[5] (*Id.*) Terry's conclusory allegation fails to state a claim for relief. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where the action "stated only bald legal conclusions with no supporting factual allegations").

---

[4] Terry also claims that his counsel rendered ineffective assistance, because she failed to challenge the Court's lack of subject matter jurisdiction in regards to the § 924(c) count. (Reply Br. 5–6.) Terry's argument is conclusory and nonsensical and fails to state a claim for relief.

[5] Terry cites a string of case law on the subject of possession of a firearm in furtherance of drug trafficking, but fails to state how this case law relates to any deficiencies in counsel's representation. (Reply Br. 8–9.) Terry then concludes: "Movant could go on and on to show how his Attorney was unreasonable and ineffective in the representation of Movant." (*Id.* at 9.)

Moreover, Terry also fails to demonstrate that, but for any deficient advice of counsel, a reasonable defendant would have pled not guilty and proceeded to trial. *Hill*, 474 U.S. at 59. Terry admitted in his Statement of Facts that he possessed the firearms in furtherance of his drug trafficking. (Statement of Facts. ¶ 7.) Had Terry gone to trial, the Government would have easily obtained a conviction on the § 924(c) count in light of the three firearms, two of which were loaded, found in the apartment with the marijuana and owned by a previously convicted felon. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000) (factors for determining nexus between possession of firearm and furtherance of drug trafficking offense may include physical proximity, whether gun is loaded, whether ownership is illegal because of convicted felon status); *see also United States v. Bailey*, 329 F. App'x 439, 441 (4th Cir. 2009) (affirming § 924(c) conviction when firearm recovered from beneath couch in another room not far from drug sales and defendant was a "convicted felon prohibited from possessing the firearm or ammunition"); *United States v. Porter*, 206 F. App'x 260, 261 (4th Cir. 2006) (finding pistol with a fully loaded magazine, but empty chamber found near marijuana satisfied § 924(c)).

Additionally, had Terry gone to trial, the Government would have pursued the § 922(g)(1) charge in Count Three that was dismissed pursuant to the terms of Terry's plea agreement. (*See* Plea Agreement 5–6, ECF No. 14.) Due to Terry's statement to the detectives that the guns belonged to him, the Government would have easily obtained a

conviction on the § 922(g)(1) count as well.[6]  (*See* Statement of Facts ¶ 5, ECF No. 15.)

The additional § 922(g)(1) conviction would have significantly increased his sentencing

exposure. *See U.S. Sentencing Guidelines Manual* ("U.S.S.G.") 5K2.1(a)(4)(A) and

(b)(1) & Sentencing Table (2010).[7]  In light of the evidence of Terry's guilt and the

sentencing benefits Terry received from pleading guilty, Terry fails to demonstrate that a

reasonable defendant in his position would have insisted on proceeding to trial.

Accordingly, Terry fails to demonstrate any prejudice from counsel's actions, and Claim

Two will be dismissed.

## IV.    CONCLUSION

The § 2255 Motion (ECF No. 74) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge

issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will

not issue unless a prisoner makes "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable

---

[6] A review of Terry's Presentence Report demonstrates that Terry possessed a prior felony conviction for Possession with Intent to Distribute More Than One-Half Ounce But Less Than Five Pounds of Marijuana, for which he received a twelve month sentence with six months suspended. (Presentence Report 12.) Terry could have received a minimum of one year and a maximum of ten years for this offense. *See* Va. Code Ann. § 18.2–248.1(a)(2) (West 2013) (defining the offense); Va. Code Ann. § 18.2–10(e) (West 2013) (providing the possible punishments for Class Five felonies). Thus, the Government would have obtained a conviction on the Felon in Possession of a Firearm count.

[7] Without factoring in the type of firearm under U.S.S.G. § 2K2.1(a)(1)–(3), at a minimum, Terry would have qualified for an offense level of 22, because he had a prior felony conviction for a controlled substance offense, *see* § 2K2.1(a)(4)(A), and he possessed three firearms, *see* § 2K2.1(b)(1)(A). Thus, with a criminal history category of VI, and no reduction for acceptance of responsibility, Terry's sentencing guidelines range would have likely been 84 to 105 months.

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Terry has not satisfied this standard.  Accordingly, a certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 15, 2014
Richmond, Virginia